Wendy A. Kaplan (BBO #259360)
E-mail: wkaplan @ wendykaplan.com
Attorney for Plaintiff, Jason Pashko
LAW OFFICES OF WENDY A. KAPLAN
18 Tremont Street, Suite 704
Boston, MA  02108
Telephone: (617)557-4114
Facsimile: (617)557-6196

Rita Morales (SBN 127115)
E-mail: rmorales @ moralesemploymentlaw.com
Local Counsel for Plaintiff, Jason Pashko
MIRANDA-MORALES LAW FIRM
501 Santa Monica Blvd., Suite 610
Santa Monica, CA  90401
Telephone: (310)460-2837
Facsimile: (310)460-2839

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PASHKO,<br><br>PLAINTIFF,<br><br>VS.<br><br>VIKING RIVER CRUISES, LLC, a DELAWARE CORPORATION and VIKING RIVER CRUISES, INC., a DELAWARE CORPORATION AND DOES 1-100<br><br>DEFENDANTS. | CASE NO.  CV08-3379 GPS (PJWx)<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>1. Discrimination Based on Ancestry in Violation of Government Code §12940, et seq.<br><br>2. Harassment Based on Ancestry in Violation of Cal. Govt. Code § 12940, et seq.<br><br>3. Retaliation in Violation of Government Code § 12940, et seq.<br><br>4. Violation of the Ralph Act<br><br>5. Breach of Contract<br><br>6. Wrongful Termination in Violation of Public Policy<br><br>DEMAND FOR JURY TRIAL |

1.

FIRST AMENDED COMPLAINT FOR DAMAGES

Case 2:08-cv-03379-SJO-PJW   Document 10   Filed 06/11/08   Page 2 of 15   Page ID #:35

Plaintiff JASON PASHKO alleges as follows:

## INTRODUCTION

1. Plaintiff Jason Pashko seeks redress for the prolonged, ceaseless pattern of anti-Semitic harassment he experienced while working for defendants Viking River Cruises corporations, harassment which resulted in a hostile work environment and, ultimately, in his constructive discharge from his employment. Plaintiff seeks compensatory and exemplary damages as well as declaratory and injunctive relief.

## JURISDICTION AND VENUE

2. There is diversity of citizenship through which the plaintiff invokes federal jurisdiction pursuant to 28 U.S.C.A. 1332(a)(1), as plaintiff is a citizen of Massachusetts and defendant corporations do their principal business in the Central District of California.

3. The amount in controversy exceeds the sum or value of $75,000.

## THE PARTIES

4. Plaintiff Jason Pashko is a citizen of majority age residing in Acton, Bristol County, Massachusetts. From August 2006 until November 2006, plaintiff was employed in a variety of executive capacities for defendants, two of the Viking River Cruises International corporations. Plaintiff is of Jewish ancestry, and as such is an individual within the protection of the California Fair Employment and Housing Act.

5. Defendant Viking River Cruises International LLC ("Viking LLC") is a for-profit limited liability corporation organized under the laws of the State of Delaware, whose principal place of business is in Woodland Hills in the Central District of California.

6. Viking River Cruises International Inc. ("Viking INC"), is a for-profit corporation organized under the laws of the State of Delaware, but whose principal place of business is in Woodland Hills in the Central District of California, and is a sister corporation to Viking LLC.

7. Viking LLC and Viking INC are two companies within the Viking River Cruises Group, of which the parent company is Viking River Cruises SA, a Luxemburg company headquartered in Switzerland.

2.
FIRST AMENDED COMPLAINT FOR DAMAGES

8. Defendants DOES 1 through 100, inclusive, are employees of the Defendants and Plaintiff, on information and belief alleges that Defendants DOES 1 through 100 are residents of the County of Los Angeles, and/or residents of the United States. At all relevant times, defendants DOES 1 through 100, were under the direct supervision, employ, and control of defendants Viking LLC and Viking INC. In doing the acts alleged herein, defendants DOES 1 through 100 were acting within the course and scope of their employment and agency with defendants Viking LLC and Viking INC. The true names and capacities of defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff who therefore sue such defendants by such fictitious names pursuant to California Code of Civil Procedure § 171 and the Federal Rules of Civil Procedure. Plaintiff is informed and believes that the DOE defendants are California residents and/or the United States of America. Plaintiff will amend this Complaint to show true names and capacities when they have been determined. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each defendant DOE herein is in some manner responsible for the acts complained of and damages herein alleged.

9. The true names and capacities of defendants, whether a corporation, agent, individual, or otherwise, named herein as DOES 1 through 100, inclusive, are unknown to plaintiff who therefore sues such defendants by such fictitious names pursuant to California Code of Civil Procedure § 171 and the Federal Rules of Civil Procedure. Plaintiff is informed and believes that the DOE defendants are residents of California and/or the United States of America. . Plaintiff will amend this Complaint to show true names and capacities when they have been determined. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each defendant DOE herein is in some manner responsible for the sexual harassment, assault and other related conduct, and damages herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of such defendants.

10. Defendants Viking LLC and Viking INC employ more than five (5) persons, and as such are employers within the scope of the California Fair Employment and Housing Act ("FEHA").

3.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On or about January 23, 2007, the plaintiff filed a Complaint of Discrimination against defendant Viking River Cruises International LLC and Torstein Hagen, the CEO of the Viking River Cruises Group with the California Department of Fair Employment and Housing ("DFEH"). A copy of plaintiff's administrative Complaint is attached as Exhibit 1 and is herein incorporated by reference.

12. On or about March 7, 2007, the California Department of Fair Employment and Housing issued plaintiff a right to sue letter, enabling him to file this action within one (1) year, which Plaintiff did on May 16, 2007.

FACTS COMMON TO ALL CAUSES OF ACTION

13. During the summer of 2006, defendant corporations recruited plaintiff, who was then employed elsewhere, to work for Viking LLC/Viking INC as a Vice President for Strategy and Business Development.

14. During his initial interview with Viking CEO Hagen, Hagen asked plaintiff his ethnic background.

15. Upon learning that Pashko is in part of Jewish ancestry, Hagen made disparaging comments about a former Viking employee of Jewish ancestry. This was the onset of a pattern of Hagen making disparaging comments about and to plaintiff concerning his Jewish ancestry which persisted throughout plaintiff's employment with defendants.

16. Plaintiff began his employment as Vice President for Strategy and Business Development for defendant corporations on or about September 5, 2006.

17. Plaintiff at all times performed his work to the legitimate expectations of his employer.

18. Defendants Viking corporations failed to take reasonable steps to prevent discrimination, including but not limited to discriminatory harassment, from occurring at Viking.

19. CEO Hagen told plaintiff he was being paid more than others at his level, and that to conceal this fact from plaintiff's peers, he would have SA, the parent corporation, pay part of plaintiff's salary.

4.

FIRST AMENDED COMPLAINT FOR DAMAGES

20. From the inception of his employment, Hagen repeatedly referred to plaintiff by a variety of discriminatory and offensive terms, including but not limited to "Jew boy" and "my Jew." CEO Hagen further repeatedly referred to a prior Jewish employee whom he had fired, always in disparaging terms and inevitably in terms of the common Jewish ancestry of the plaintiff and the fired employee.

21. On or about September 6, 2006, or plaintiff's second day of employment, Viking Chief Financial Officer Bob Roe told plaintiff that Viking would cover the cost of plaintiff's hotel accommodations and other living expenses until plaintiff purchased a residence in the area.

22. Plaintiff relied on that representation, moved from Henderson, Nevada, and began living in high-end hotels, including particularly the Loew's Hotel in Santa Monica, California, where CEO Hagen stayed during his most of his numerous and extended trips to California.

23. Plaintiff also relied on that representation to look for a home to purchase for his family.

24. During the first weeks of his employment, in addition to referring to plaintiff as "Jew boy" and "my Jew", Hagen also repeatedly compared him to a prior employee who was Jewish, stating, repeatedly, that "I fired the last Jew who was no good, so I expect the same from you."

25. Hagen further repeatedly introduced plaintiff to others by referencing his Jewish ancestry, generally in a negative context.

26. On or about October 5, 2006, Hagen embarrassed and demeaned plaintiff by referring to him negatively as a "half-Jew" to Hagen's own personal trainer; Hagen also stated that Pashko "hasn't disappointed" him yet, "though he's half-Jewish, you know."

27. On or about October 10, 2006, Viking through its Board of Directors promoted plaintiff to be Senior Vice President for Sales & Marketing, overriding Hagen's objections. As SVP, plaintiff was responsible for marketing, public relations, and sales in North America.

28. After Plaintiff complained of the anti-Semitic derogatory comments, remarks, and harassment, Hagen then accelerated his anti-Jewish harassment of plaintiff. This included but was not limited to repeated anti-Jewish slurs, including even an unapologetic account of how his

father extolled Nazi warriors he had sympathized with in World War II as "excellent men and excellent soldiers."

29. After his promotion to SVP, plaintiff began challenging Hagen's discriminatory and other abusive conduct, and objected to Hagen's anti-Jewish slurs, telling Hagen they were "bad form" and disturbed him.

30. Hagen responded to plaintiff's criticisms by ceaselessly comparing him to "the Jew that failed" while referring to Pashko as "the Jew (or half-Jew) that hasn't failed me yet;" repeatedly threatening to fire him; losing his temper, seemingly uncontrollably; and pounding his fists on the table.

31. During several of these occasions, some of which occurred in the presence of others, plaintiff was physically intimidated and was apprehensive of bodily harm by Hagen against his person.

32. On or about November 11, 2006, Hagen blew up at plaintiff concerning plans to mail customers holiday greeting cards, which the CEO labeled a bad idea which had originated with plaintiff's Jewish predecessor. Hagen insisted that the company send out only Christmas cards, ranting "We are Vikings. We are a Christian company!" Plaintiff reasonably construed these words as a message that he was not the appropriate person to be an executive at Viking due to his Jewish ancestry.

33. Later on that same day, apropos of nothing, Hagen told plaintiff that "one Armenian is worth ten Jews."

34. Later that same day, during a business meeting, when plaintiff and Viking CEO Hagen disagreed on a business strategy, Hagen lost control, blew up at plaintiff, and told plaintiff to "shut [his] fucking mouth."

35. On the following day, unprovoked, Hagen again lost control, waved his fist at plaintiff, and lunged across the table at him as though to physically assault plaintiff.

36. During Hagen's tirade, plaintiff was physically and otherwise intimidated, and became apprehensive that Hagen would assault him and inflict bodily harm upon him. Plaintiff then stated "I'm done," and left the next day to return to his home in Henderson, Nevada.

37. After plaintiff's constructive discharge, as described above, plaintiff contacted Hagen and requested that Viking reimburse him for outstanding business expenses, as had been promised to him on the second day of his employment.

38. Defendants refused to reimburse plaintiff the considerable expenses he had incurred while living in the Loew's Hotel, among other high-end hotels, and searching for a permanent residence for himself and his family.

39. As a direct and proximate result of defendants' discriminatory and other misconduct, plaintiff has been grievously injured. He suffered the loss of wages and benefits of his employment, a diminution of his earning capacity, and severe emotional distress. His inability to obtain health care, including but not limited to health insurance, for his family, including particularly for his wife, a type-1 diabetic, caused both plaintiff and his family to suffer additional injury, including but not limited to irreparable medical harm. Plaintiff further incurred legal and medical costs.

All damages continue to this date.

### First Cause of Action:
### Discrimination Based on Ancestry
### in Violation of Government Code §12940, et seq.

40. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-39 above.

41. Plaintiff is of Jewish ancestry, and is thus protected from unlawful employment discrimination and harassment by Cal.Gov.Code 12940 (a) and (j)(1).

42. As alleged herein and in violation of California Government Code §12940, et seq., defendants, and each of them, discriminated against plaintiff on the basis of his ancestry, Jewish, exposing him to a hostile work environment permeated by severe and pervasive anti-Jewish harassment perpetrated by the CEO Torstein Hagen. Defendants further violated plaintiff's rights to a work environment free of discrimination by failing to adequately investigate discrimination and harassment based on ancestry and by failing to take all reasonable steps

First Amended Complaint for Damages

necessary to prevent future discrimination from occurring as required by California Government Code §12940(k).

43. As a result of defendants' discriminatory, harassing, and other unlawful acts as alleged herein, plaintiff is entitled to compensatory and exemplary or punitive damages, reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

### SECOND CAUSE OF ACTION
### HARASSMENT BASED ON ANCESTRY IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.

44. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-43 above.

45. As alleged herein, and in violation of California Government Code §12940, et seq., defendants, through their CEO Torstein Hagen, harassed plaintiff on the basis of his Jewish ancestry. Defendants further violated plaintiff's rights to a work environment free from harassment by creating and allowing an anti-Jewish hostile work environment to exist for plaintiff, including severe and pervasive verbal abuse, threats of termination unrelated to plaintiff's work performance, and physically intimidating actions. Defendants also violated plaintiff's rights by failing to adequately investigate harassment and discrimination based on ancestry, and by failing to take all reasonable steps necessary to prevent future harassment and discrimination from occurring as required by California Government Code §12940(k).

46. Plaintiff was continually subjected to a hostile and intimidating work environment permeated with anti-Jewish harassment so severe that it unreasonably interfered with his work performance and caused him severe emotional distress, and culminated in his constructive discharge.

47. By aforesaid acts and omissions of defendants, and each of them, plaintiff has been directly and legally caused to suffer actual damages including but not limited to loss of earnings and benefits and future earning capacity.

48. As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, plaintiff has been caused to and has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, shock, pain, discomfort and anxiety, the exact nature, duration and extent of which are presently unknown to plaintiff.

49. As a result of defendants' discriminatory and harassing acts as alleged herein, plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

50. As a result of defendants' discriminatory, harassing, and other unlawful acts as alleged herein, plaintiff is entitled to compensatory and punitive or exemplary damages, as provided in Section 12965(b) of the California Government Code.

### THIRD CAUSE OF ACTION
### FOR RETALIATION IN VIOLATION OF FEHA AGAINST DEFENDANT VIKING LLC AND VIKING INC. AND DOES 1 THROUGH 100

51. Plaintiff re-alleges and incorporates paragraphs 1-50 of the Complaint as though fully set forth herein.

52. Plaintiff repeatedly protested said harassment and discrimination and brought said conduct to the attention of management of Viking LLC and Viking Inc.

53. Viking LLC and Viking Inc., rather than taking adequate remedial measures retaliated against Plaintiff by engaging in further harassment and other conduct according to proof.

54. The foregoing conduct by Viking LLC and Viking Inc. and each of them was in retaliation for Plaintiff protesting illegal harassment and discrimination in violation of Government Code Section 12940(h) and other provisions of FEHA, which preclude an employer from retaliating against any employee for protesting conduct prescribed by FEHA.

55. As a proximate result of the said retaliation as aforepled, Plaintiff suffered emotional distress damages in an amount in excess of the minimum jurisdiction of this court and according to proof.

56. As a further and proximate result of the retaliation as aforepled, Plaintiff was required to and did seek medical attention, and will need medical attention in the future, all to Plaintiff's damages in a sum according to proof.

57. As a further proximate result of this retaliation as aforepled, Plaintiff lost employment benefits, including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

58. As a further proximate result of this retaliation as aforepled, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees according to proof.

59. The aforepled conduct of the defendants constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages as to those defendants only.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE RALPH ACT

60. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-59 above.

61. Plaintiff has the right to be free from any intimidation or threat of violence based on his ancestry.

62. Defendants violated Cal. Civ. Code §51.7 and 52, et seq., with CEO Hagen, and other agents/employees of Defendant, subjecting plaintiff to repeated threats of violence, with ill will and malice, due to his Jewish ancestry.

63. As a result of defendants' discriminatory, abusive and intimidating behavior, plaintiff is entitled to compensatory and punitive damages, reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

### FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT

64. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-63 above.

65. Defendants represented to plaintiff that Viking corporations would pay for his expenses, including but not limited to food and lodging, for the period of time where plaintiff was residing in California but had not yet found a permanent residence.

66. Plaintiff reasonably relied on this representation, and stayed in the Loew's Hotel, primarily but among other high-end hotels, where plaintiff did considerable business on behalf of the Viking Corporations.

67. Plaintiff further devoted considerable time and effort to locate and purchase a home, and was in the process of doing so when he was constructively discharged.

68. Although plaintiff demanded reimbursement of his expenses, defendants refused and failed to so reimburse him.

69. As a direct result of defendants' breach of contract, plaintiff is entitled to compensatory damages for costs incurred by plaintiff in reliance on defendants' promises.

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

70. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-69 above.

71. The public policy of California bars discriminatory harassment based on an individual's ancestry, as codified in Cal. Civ. Code 12940(a), (j)(1).

72. The state's public policy is further emphasized by the provision of the California Civil Code, 12940(k) requiring employers to take all reasonable steps necessary to prevent discrimination, harassment and retaliation. Sections 6310(b) and 6400 of the California Labor Code expresses California's fundamental public policy ensuring that employees are not required to work in unsafe or unhealthy work environments. Sections 2800 and 2802 obligate the employer to indemnify Plaintiff for his losses resulting from the employer's want of ordinary care. Plaintiff was discriminated against, harassed and retaliated against for his protests and complaints regarding his reasonable belief that Defendants were violating the foregoing statutes.

11.

Sections 51.7 and 52, et seq., of the California Civil Code express California's fundamental public policy ensuring that employees are not required to work with intimidation and/or threats of violence against their person or reputation. Section1102.5 of the California Labor Code has been interpreted to recognize a fundamental public policy prohibiting an employer from discharging and/or constructively discharging an employee for an internal report of a violation of any statutes, regulations or guidelines of public importance, such as those set forth above.

73. Plaintiff was an employee of defendants Viking corporations whose work performance met the legitimate expectations of his employer.

74. Plaintiff was subjected to harassment, retaliation, and intimidation based on his ancestry, Jewish, so severe and pervasive as to first establish a hostile work environment, and then escalate to the point where no reasonable person could have continued to be employed.

75. As a result of defendants' discriminatory harassment, culminating in plaintiff's constructive discharge, plaintiff is entitled to compensatory and punitive damages in an amount according to proof. Plaintiff is further entitled to reasonable attorney's fees and costs of suit.

**PRAYER**

WHEREFORE, the plaintiff Jason Pashko seeks judgment as follows:

a. Declaration that defendants violated Cal. Govt. Code §12940 (a);

b. Declaration that defendants violated Cal. Govt. Code §12940 (j)(1);

c. Declaration that defendants violated Cal. Govt. Code §12940 (k);

d. Declaration that defendants violated Cal. Govt. Code §12940 (h);

d. Declaration that defendants violated Cal. Civil. Code §§51.7 and 52, et seq.;

e. Declaration that defendants violated Cal. Labor Codes § §2800, et seq., 6310 and 1102.5, et seq.;

e. An injunction barring defendants from continuing to discriminate against employees based on their ancestry;

f. For general damages, according to proof;

g. For medical expenses and related items of expenses, according to proof;

1. h. For loss of earnings, according to proof;
2. i. For punitive and exemplary damages, according to proof;
3. j. For attorney's fees;
4. k. For prejudgment interest; and
5. l. For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Jason Pashko hereby demands a trial by jury on all counts.

Dated: June 11, 2008

LAW OFFICE OF WENDY A KAPLAN AND
THE MIRANDA-MORALES LAW FIRM
FOR PLAINTIFF JASON PASHKO

By: _____
    Wendy A. Kaplan

By: _____
    Rita Morales

---

13.

FIRST AMENDED COMPLAINT FOR DAMAGES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2008, a true copy of the foregoing First Amended Complaint for Damages was served by United States mail on Defendants and their counsel of record, to wit: Doug Wickham, Esquire, Littler Mendelson, PC, 2049 Century Park East, Fifth Floor, Los Angeles, California 90067-3107.

/s/Wendy A. Kaplan
Wendy A. Kaplan, BBO #259360
Law Offices of Wendy A. Kaplan
18 Tremont Street, Suite 704
Boston, MA 02108
(617) 557-4114
Attorney for Plaintiff

# *** EMPLOYMENT ***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200607-G-0930-00-c

DFEH USE ONLY

**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

YOUR NAME (indicate Mr. or Ms.): Jason Pushko
TELEPHONE NUMBER (INCLUDE AREA CODE): 702-566-1081
ADDRESS: 151 Newton Road
CITY/STATE/ZIP: Springfield, MA 01118
COUNTY: 
COUNTY CODE:

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: Viking River Cruises (International) LLC
TELEPHONE NUMBER (Include Area Code):
ADDRESS: 5700 Canoga Avenue, Suite 200
CITY/STATE/ZIP: Woodland Hills, CA 91367
COUNTY:
DFEH USE ONLY
COUNTY CODE:
NO. OF EMPLOYEES/MEMBERS (if known): 50
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year): 11/12/06
RESPONDENT CODE:

THE PARTICULARS ARE:

On 11/12/06 I was:
- [X] forced to quit

by **Torstein Hagen**, **Chairman and Chief Executive Officer**
(Name of Person) (Job Title)

because of my:
- [X] national origin/ancestry

the reason given by **Torstein Hagen, Chairman and Chief Executive Officer**

Was because of [please state what you believe to be reason(s)]: due to my Jewish Ancestry I was physically intimidated, shouted at, assaulted, demeaned, and reprimanded in front of my co-workers and family.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated: 1/23/07

COMPLAINANT'S SIGNATURE

RECEIVED FEB -9 2007

**EXHIBIT 1**
**PAGE 15.**

DATE FILED: FEB 9 2007

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Department of Fair Employment and Housing   STATE OF CALIFORNIA