1  DOUGLAS A. WICKHAM, Bar No. 127268
2  LAUREN T. HOWARD, Bar No. 227984
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East
   5th Floor
4  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
5  Facsimile: 310.553.5583
   E-mail: dwickham@littler.com
6  E-mail: lhoward@littler.com

7  Attorneys for Defendants
   VIKING RIVER CRUISES (INTERNATIONAL),
8  LLC AND VIKING RIVER CRUISES, INC.

10 RITA MIRANDA-MORALES, Bar No. 127115
   MIRANDA-MORALES LAW FIRM
   501 Santa Monica Blvd.
11 Suite 610
   Santa Monica, CA 90401
12 Telephone: 310.460.2837
   Facsimile: 310.460.2839
13 Email: rmorales@moralesemploymentlaw.com

14 Attorneys for Plaintiff
   JASON PASHKO

**FILED** CLERK, U.S. DISTRICT COURT
MAR 16 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

COURTESY COPY

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PASHKO,<br><br>Plaintiff,<br><br>v.<br><br>VIKING RIVER CRUISES (INTERNATIONAL), LLC, a Delaware Corporation; VIKING RIVER CRUISES, INC., a Delaware Corporation and DOES 1 through 100,<br><br>Defendants. | Case No. CV 08-3379-SJO (PJWx)<br><br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE S. JAMES OTERO<br><br>**STIPULATION RE PROTECTIVE ORDER**; AND ORDER THEREON<br><br>Complaint Originally Filed: 5/16/07 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## I. PURPOSE OF STIPULATION AND PROTECTIVE ORDER

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the parties, by and through their respective counsel, hereby by stipulate to, and seek the Court's approval of, the following Protective Order.

## II. DEFINITIONS

1. <u>Party</u>. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2. <u>Counsel</u>. "Counsel" means:

    a. Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

    b. Miranda-Morales Law Firm, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

3. <u>Confidential or Confidential Information</u>. For the purposes of this Protective Order, the term "Confidential" or "Confidential Information" is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of: (1) Defendants VIKING RIVER CRUISES (INTERNATIONAL), LLC AND

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  VIKING RIVER CRUISES, INC (collectively referred to as "Defendants"); (2)
2  Plaintiff Jason Pashko; and (3) any third parties, the disclosure of which information
3  is likely to have the effect of causing harm to the competitive position of Defendants
4  or to the organization or person from whom the information was obtained, or to the
5  parties' privacy.  Confidential Information also includes private information
6  pertaining to Defendants' or a third party's employees, for which Defendants or a
7  third party have a duty to maintain the confidentiality of such information.
8  Information designated Confidential may be used only in connection with this
9  proceeding, and not for any other purpose. Such information may not be disclosed to
10 anyone except as provided in this Order.

11 **III.   DESIGNATION OF PROTECTED INFORMATION**

12       5.   In connection with discovery proceedings in this action, the Parties may
13 reasonably designate any appropriate document, thing, material, testimony or other
14 information derived therefrom, as Confidential under the terms of this Protective
15 Order (hereinafter "Protective Order"). By designating a document, thing, material,
16 testimony, or other information derived therefrom as Confidential, the Party making
17 the designation is certifying to the Court that there is a good-faith basis both in law
18 and fact for the designation within the meaning of Federal Rule of Civil Procedure
19 26(g).

20       6.   Confidential documents shall be so designated by stamping each page of
21 the document produced to a Party with the legend "CONFIDENTIAL." Stamping the
22 legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk
23 or electronic storage device shall designate all contents therein as Confidential, unless
24 otherwise indicated by the producing party.

25       7.   Testimony taken at a deposition, conference, hearing or trial may be
26 designated as Confidential by making a statement to that effect on the record at the
27 deposition or other proceeding or, in the case of a deposition, such designation may be
28 made within thirty (30) days after the receipt of the deposition transcript.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

1  Arrangements shall be made with the court reporter taking and transcribing such
2  proceeding to separately bind such portions of the transcript containing information
3  designated as Confidential, and to label such portions appropriately. During the thirty
4  (30) day period, all such deposition transcripts shall be treated as if it had been
5  designated as Confidential.

6      8.    Material designated as Confidential under this Protective Order, the
7  information contained therein, and any summaries, copies, abstracts, or other
8  documents derived in whole or in part from material designated as Confidential
9  (collectively, "Confidential Material") shall be used only for the purpose of the
10 prosecution, defense, or settlement of this action, and for no other purpose.

11     9.    Confidential Material produced pursuant to this Protective Order and
12 marked solely as "Confidential" may be disclosed or made available only to:

13     a.    the Court; a jury, arbitrator, or other trier or determiner of fact in
14 this action; a mediator who has been mutually agreed upon by the Parties;

15     b.    Counsel for a Party (including the paralegal, clerical, and
16 secretarial staff employed by such Counsel);

17     c.    a Party, or an officer, director, or employee of a Party deemed
18 necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

19     d.    experts or consultants (together with their clerical staff) retained by
20 such Counsel to assist in the prosecution, defense, or settlement of this action, except
21 that such experts and consultants shall not be employees of any Party or currently or
22 previously under contract with any Party (except any retention agreement relating to
23 such experts or consultants as experts or consultants in this action), or previously
24 affiliated or associated in any way with any Party;

25     e.    court reporter(s) employed in this action;
26     f.    a witness at any deposition or other proceeding in this action; and
27     g.    any other person as to whom the Parties in writing agree.
28 Categories (c)-(g) above shall hereafter be referred to as "Qualified Person(s)." Prior

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such Confidential Material to the Qualified Person.

11. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 8, subject to the requirements of paragraph 8's requirement of the execution of a Non-Disclosure Agreement.

12. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any Party's own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

13. If a Party wishes to file documents with the Court which have been designated "CONFIDENTIAL" by another Party or Third Party pursuant to this Protective Order, such documents must be filed under seal in compliance with Local Rule 79-5.1.

14. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its Confidential status through such use and the Party using such Confidential Material, shall take all reasonable steps to maintain its confidentiality during such use.

15. This Protective Order shall be without prejudice to the rights of the Parties or any other Third Party (a) to bring before the Court at any time the question

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

1  of whether any particular document or information is Confidential or whether its use
2  should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c)
3  for a separate protective order as to any particular document or information, including
4  restrictions differing from those as specified herein.

5        16. If a Party wishes to challenge the designation of materials stamped
6  "CONFIDENTIAL," the Challenging Party shall notify the Designating Party in
7  writing of the documents and basis for the challenge. The Designating Party shall
8  respond in writing within five (5) business days thereafter. If any disputes remain, the
9  parties shall meet and confer within four (4) business days of the Designating Party's
10 response in an effort to resolve such disputes. If any disputes remain unresolved, the
11 Challenging Party shall bring a motion seeking to remove the confidentiality
12 designation pursuant to Local Rule 37. The Designating Party shall provide its
13 portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2
14 within five (5) business days after the parties meet and confer. Such motion shall
15 thereafter be governed by Local Rule 37-2.2 through 37-4. This Protective Order
16 shall not be deemed to prejudice the Parties in any way in any future application for
17 modification of this Protective Order.

18       17. This Protective Order is entered solely for the purpose of facilitating the
19 exchange of documents and information between the Parties to this action without
20 involving the Court unnecessarily in the process. Nothing in this Protective Order nor
21 in the production of any information or document under the terms of this Protective
22 Order nor any proceedings pursuant to this Protective Order shall be deemed to have
23 the effect of any admission or waiver by any Party or any Third Party or of altering
24 the confidentiality or non-confidentiality of any such document or information or
25 altering any existing obligation of any Party or any Third Party or the absence thereof,
26 or to impact in any way a Party's right to object to any discovery requests on any
27 grounds, including attorney-client privilege, work product immunity, or any other
28 protection provided under the law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

18. This Stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

19. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this action, Counsel for the Parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as Confidential. Alternatively, Counsel may agree to destroy all documents, materials, and deposition transcripts designated as Confidential, and provide written affirmation of such to opposing Counsel.

20. This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

21. In the event a party inadvertently discloses or produces any Confidential materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. A party may designate such documents/information Confidential within a reasonable time after such inadvertent disclosure.

22. If a party wishes to use another party's "confidential" documents at trial, the party shall advise the other party's counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the "Confidential" documents are discussed. The other parties need not join in such motions.

23. In the event that a party is served with a subpoena by any person, firm,

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

6.

1  corporation, or other entity who is not a party to this action, is not a signatory to this
2  Order, or otherwise is not bound by this Order, which seeks to compel production of
3  Confidential documents, the party upon whom the subpoena is served shall give
4  written notice of the subpoena to the party who has asserted that the information or
5  documents sought by the subpoena is Confidential. The written notice required by this
6  Paragraph shall be given no later than seven (7) days after receipt of the subpoena, or
7  before the production date set forth in the subpoena, whichever is earlier. The party
8  who designated the subject information or documents as Confidential shall have the
9  responsibility to obtain from the Court an order quashing the subpoena, a protective
10 order, and/or such other relief as will protect the confidential nature of the subject
11 information or documents. If such a motion is filed before the requested production
12 date, the party upon whom the subpoena, discovery request, or order is served shall
13 not produce the subject information or documents requested in the subpoena,
14 discovery request, or order until after such time as the Court rules on the motion to
15 quash the subpoena or motion for protective order. If an order quashing the subpoena
16 or motion for protective order is obtained, the party upon whom the subpoena,
17 discovery request, or order is served shall comply with the order. If no motion to
18 quash or motion for protective order is filed before the scheduled production date set
19 forth in the subpoena, discovery request, or order, or if the motion to quash the
20 subpoena or motion for protective order is denied, the party upon whom the subpoena,
21 discovery request, or order is served may comply with the same without being deemed
22 to have violated this Order.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

24. This Stipulated Protective Order may be modified only if such modification is in writing, signed by the parties, and approved by an order of the Court.

Dated: March 12, 2009

*(signature)*
DOUGLAS A. WICKHAM
LAUREN T. HOWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
VIKING RIVER CRUISES (INTERNATIONAL), LLC AND
VIKING RIVER CRUISES, INC.

Dated: March 10, 2009

*(signature)*
RITA MIRANDA-MORALES
MIRANDA-MORALES LAW FIRM
Attorneys for Plaintiff
JASON PASHKO

IT IS SO ORDERED.
DATED: 3/16/09
*(signature)*
UNITED STATES MAGISTRATE JUDGE

3·16·09 PJW

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.

Case 2:08-cv-03379-SJO-PJW Document 69 Filed 03/16/09 Page 10 of 12 Page ID #:651
Case 2:08-cv-03379-SJO-PJW Document 68 Filed 03/12/2009 Page 10 of 10

## Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in JASON PASHKO v. VIKING RIVER CRUISES, LLC, A Delaware Corporation and VIKING RIVER CRUISES, INC., a Delaware Corporation and DOES 1 through 100, inclusive, United States District Court for the Central District of California, Civil Action No. CV 08-03379 SJO (PJWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

Name:_____

Address:_____

_____

Firmwide:88698786.2 057133.1002

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.

| | |
|---|---|
| From: | cacd_ecfmail@cacd.uscourts.gov |
| Sent: | Thursday, March 12, 2009 12:33 PM |
| To: | ecfnef@cacd.uscourts.gov |
| Subject: | Activity in Case 2:08-cv-03379-SJO-PJW Jason Pashko v. Viking River Cruises (International) LLC et al Stipulation for Protective Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer.
PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing

The following transaction was entered by Howard, Lauren on 3/12/2009 at 12:33 PM PDT and filed on 3/12/2009

Case Name:    Jason Pashko v. Viking River Cruises (International) LLC et al
Case Number:      2:08-cv-3379
<https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?416568>
Filer:      Viking River Cruises, LLC
        Viking River Cruises, Inc.
Document Number:    68
<https://ecf.cacd.uscourts.gov/doc1/03107643926?magic_num=80646710&de_seq_num=238&caseid=416568>

Docket Text:
STIPULATION for Protective Order filed by Defendants Viking River Cruises, LLC, Viking River Cruises, Inc.. (Attachments: # (1) Proposed Order)(Howard, Lauren)


2:08-cv-3379 Notice has been electronically mailed to:

Douglas A Wickham     dwickham@littler.com, lmontenegro@littler.com

Lauren T Howard       lhoward@littler.com, mlozano@littler.com

Rita Miranda-Morales   rmorales@moralesemploymentlaw.com

2:08-cv-3379 Notice has been delivered by First Class U. S. Mail or by fax to: :


The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:C:\Documents and Settings\cmckoy\Desktop\CV083379 Stipulation re Protective Order.pdf Electronic document Stamp:
[STAMP cacdStamp_ID=1020290914 [Date=3/12/2009] [FileNumber=7429935-0]
[bd89341db825f213aa0b9ad3f4ab63deef01c3eb7f0c7424377bfb7ecdbebbb412ae
0be67a1bb68f49ffd184c64147f1836a4490714aee8f1ad004bac376085e]]
Document description:Proposed Order
Original filename:C:\Documents and Settings\cmckoy\Desktop\CV083379 Proposed Order re

1

Stipulation re Protective Order.pdf Electronic document Stamp:
[STAMP cacdStamp_ID=1020290914 [Date=3/12/2009] [FileNumber=7429935-1]
[65fee0dde5bf2a5c481827aa5271442db6162f85eaa51875e279b60eda04827c7571
9a6d110e2b3eab8023fbfd00c3f99005707c2c29a158bb0471fd29b3c708]]